## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK 16-80141 |
| | ) | |
| ABENGOA BIOENERGY OF NEBRASKA, | ) | Chapter 7 (Involuntary Pending) |
| LLC, | ) | |
| Debtor. | ) | |

## STIPULATION AND AGREED ORDER REGARDING DEBTOR'S ABILITY TO SELL ASSETS OR OBTAIN NEW SECURED FINANCING DURING THE GAP PERIOD

This stipulation and agreed order (the "Stipulation") is made and entered into by and among Abengoa Bioenergy of Nebraska, LLC (the "Debtor") in the above-captioned involuntary Chapter 7 case (the "Chapter 7 Case") and Gavilon Grain, LLC, Farmers Cooperative Association, and The Andersons, Inc. (collectively, the "Petitioning Creditors," and together with the Debtor, each a "Party" and collectively the "Parties"), through their respective and undersigned counsel, hereby agree and stipulate as follows:

### RECITALS

**WHEREAS**, on February 1, 2016 (the "Involuntary Petition Date"), the Petitioning Creditors commenced this Chapter 7 Case by filing an involuntary petition (the "Involuntary Petition") for relief under chapter 7 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nebraska (the "Court");

**WHEREAS**, the *Summons to Debtor in Involuntary Case* [Docket No. 8] was issued, requiring the Debtor to respond to the involuntary petition within a 21-day period beginning on February 3, 2016 and ending on February 24, 2016.

**WHEREAS**, on February 4, 2016, the Petitioning Creditors filed their *Motion to Limit the Debtor's Powers under 11 U.S.C. §303(f) to Sell Its Assets or Obtain New Secured Loans or*

*in the Alternative to Appoint an Interim Trustee Pursuant to 11 U.S.C. §303(g) and Fed. R. Bankr. P. 2001(a)* [Docket No. 14] (the "Motion to Limit") and supporting declarations, seeking an order limiting the Debtor's powers under section 303(f) of the Bankruptcy Code until an order for relief is entered, or the case is converted or dismissed (the "Gap Period") absent compliance with sections 363 and 364 of the Bankruptcy Code, or in the alternative, for appointment of a trustee;

**WHEREAS**, a hearing on the Motion to Limit has been scheduled before the Court at 11:00 a.m. on February 10, 2016 with responses to the Motion to Limit due at the time of the hearing;

**WHEREAS**, the Petitioning Creditors allege certain amounts owed to them for the alleged pre-petition deliveries of corn to the Debtor's plant located in Ravenna, Nebraska (the "Ravenna Facility") ;

**WHEREAS**, the Parties stipulate that during the period starting on the Petition Date and ending on the date of this Stipulation, the Debtor has not disposed of any assets or incurred any secured financing pursuant to section 303(f) of the Bankruptcy Code; and

**WHEREAS**, following good faith negotiations through their respective attorneys, the Parties have agreed to the terms of this Stipulation.

**NOW, THEREFORE**, it is hereby stipulated and agreed by and between the Parties to this Stipulation, and upon approval of the Court, it shall be **SO ORDERED THAT**:

1.     This Stipulation is approved pursuant to sections 105 and 303 of the Bankruptcy Code.

2.     The Debtor agrees that until the expiration of the Gap Period it will not, without the approval of the Court after the filling of a motion,  notice and the opportunity for a hearing,

(i) sell any assets of the estate; (ii) transfer any assets of the estate to any "affiliate" (as defined by the Bankruptcy Code) of the Debtor or (iii) obtain secured financing.

3.    Upon the approval of this Stipulation by the Court the Motion to Limit is deemed withdrawn, and, the hearing on the Motion to Limit is adjourned.

4.    The Petitioning Creditors are prohibited from seeking any further relief or limitations on the Debtor's ordinary course of business operations pursuant to 11 U.S.C. §303(f) during the Gap Period absent the Debtor's non-compliance with the terms of this Stipulation, provided however, that they may oppose any financing motions filed by the Debtor.

5.    Nothing in this Stipulation shall be construed as affecting any of the Parties' claims or defenses or as an allowance of any alleged claim of the Petitioning Creditors or any other party.

6.    Nothing in this Stipulation shall be construed as an admission or acknowledgment by the Debtors or of any of the facts or allegations set forth in the Involuntary Petition or Motion to Limit or consent to the relief sought by the Petitioning Creditors in this Court.

7.    Subject to the limitation provided by this Stipulation, all the Parties' rights under the Bankruptcy Code, including the Debtor's other rights under section 303(f) of the Bankruptcy Code, shall be preserved.

8.    This Stipulation may not be modified, adjusted, or revised in any manner except as agreed to in writing by the Parties, or as ordered by the Court.

9.    If this Stipulation is not entered by the Court, nothing in this Stipulation shall be an admission or deemed an admission by the Parties, or effect any of the Parties' rights, claims or defenses.

10.    Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

11.    No negotiations or writing in connection with this Stipulation shall in any way be construed as or deemed to be evidence of or an admission on behalf of any of the Parties regarding any claim or right that such Party may have against the other Party.

12.    Notwithstanding anything herein to the contrary, this Stipulation will not be effective and binding on either of the Parties until an order is entered by the Court which approves the same.

13.    The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry by the Court of an order approving the same.

14.    The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.


**STINSON LEONARD STREET LLP**

*/s/ Patrick R. Turner*
Patrick R. Turner, Esq. (NE Bar # 23461)
1299 Farnam Street, Suite 1500
Omaha, Nebraska 68102-1818
Telephone:  (402) 930-1708
patrick.turner@stinson.com

-and-

Richard A. Chesley (ILL 6240877)
R. Craig Martin, Esq. (DE-005032)
DLA Piper LLP (US)
203 N. LaSalle St.
Suite 1900
Chicago, ILL 60601

Telephone:  (312) 368-3430

richard.chesley@dlapiper.com
craig.martin@dlapiper.com

*Proposed Co-Counsel for the Debtor*


**McGRATH NORTH MULLIN & KRATZ, PC LLO**

*/s/ James J. Niemeier*
James J. Niemeier, Esq. (NE Bar # 18838)
James G. Powers, Esq. (NE Bar #17780)
Robert P. Diederich, Esq. (NE Bar #23393)
First National Tower
1601 Dodge Street, Suite 3700
Omaha, Nebraska 68102
Telephone:  (402) 341-3070
Facsimile:  (402) 341-0216
jniemeier@mcgrathnorth.com
jpowers@mcgrathnorth.com
rdiederich@mcgrathnorth.com

*Counsel for the Petitioning Creditors*

**SO ORDERED.**

Dated:  February 11th, 2016
Omaha, Nebraska

s/ Thomas L. Saladino
HONORABLE THOMAS L. SALADINO
UNITED STATES CHIEF BANKRUPTCY JUDGE

C:\Users\rc32389\Desktop\MNMK2-#2206944-v2-Abengoa___Motion_to_Limit___Draft_Stipulation___MNMK_version.DOCX
CORE/9990000.6106/116601459.1